U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

OCT 05 2010

Chris R. JOHNSON, CLERK

BY

DEPUTY CLERK

LUCIANO VERDE                                                                    PLAINTIFF

v.                              Civil No. 10-5186

STATE OF ARKANSAS                                                          DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. The Clerk is directed to file the *in forma pauperis* application and complaint. Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is my recommendation that Plaintiff's *in forma pauperis* application be denied and his complaint be dismissed.

### Background

According to the allegations of the complaint, on January 12, 2010, Plaintiff was questioned by Detective Scott Fry regarding an incident that occurred on January 9th with a minor female. On January 21st, Plaintiff was arrested and charged with sexual assault in the second degree.

More than three months later, Plaintiff alleges his family hired an attorney to represent him, Janet Spencer. Plaintiff states he then learned that his wife, Charity Verde, gave statements to the police that were used to support the affidavit of probable cause for his arrest. Plaintiff indicates his attorney told him that he was facing a term of imprisonment of five to twenty years if he was found guilty. He maintains his attorney attempted to pressure him into accepting a plea agreement. However, he refused and his criminal trial is currently scheduled for either October 28th or November 9th.

-1-

As relief, he asks the Court to question Detective Fry. Plaintiff asks the Court to take this action because Detective Fry's "statement is totally twisted with mine on the facts."

### Discussion

The Plaintiff is currently an inmate of the Benton County Detention Center. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(on review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief). See also 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his financial affidavit, Plaintiff indicates he has no assets, other than a 1998 Chevrolet Cavalier, and has no cash in any checking or savings account. The records from the Benton County Detention Center indicate it has no funds in the Plaintiff's name. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, are against a Defendant immune from suit, or are not presently cognizable under § 1983. First, the claims against the State of Arkansas are subject to

-2-

dismissal. The claims are barred by the Eleventh Amendment. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." <u>Williams v. Missouri</u>, 973 F.2d 599, 599 -600 (8th Cir. 1992) (<u>citing Papasan v. Allain</u>, 478 U.S. 265, 276 (1986)). "This bar exists whether the relief sought is legal or equitable." <u>Id</u>. (<u>quoting Papasan</u>, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." <u>Burk v. Beene</u>, 948 F.2d 489, 493 (8th Cir. 1991)(<u>citing Quern v. Jordan</u>, 440 U.S. 332, 342 (1979)).

Second, to the extent the complaint can be read to be asserting a claim against Detective Fry, it is nevertheless not cognizable at this time. In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck</u>, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The rationale of <u>Heck</u> has been applied to § 1983 complaints filed while the criminal charges are pending. <u>See e.g.</u>, <u>Smith v. Holtz</u>, 87 F.3d 108, 113 (3d Cir. 1996). In <u>Smith</u>, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the

-3-

AO72A
(Rev. 8/82)

> Civil Rights Act of 1871.  If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.  In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

Id.

Finally, to the extent Plaintiff's claims are not barred by Heck, abstention is appropriate. "In Younger v. Harris, 401 U.S. 37, 43-44 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th Cir. 1999). Abstention under Younger "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." Id. (citing Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Plaintiff's claims stem from the fact that he was arrested, incarcerated, and charged with sexual assault.  These charges are currently pending.  The issue of whether probable cause existed for his arrest can be litigated in the state court criminal case.  To allow Plaintiff's action to proceed at this point would require this Court to interfere in ongoing state criminal proceedings, and this Court will not do so absent extraordinary circumstances.   No such circumstances exist here and abstention is appropriate.

## Conclusion

Accordingly, it is the recommendation of the undersigned that Plaintiff's request to proceed *in forma pauperis* be denied and Plaintiffs' Complaint be dismissed without prejudice.

Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this day of October 2010.

Erin L. Setser

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)